I fully subscribe to the views expressed in the majority opinion and believe that the exception of no right or cause of action filed by the defendant is well founded. However, it is to be observed that the court failed to consider one of the main arguments made by the plaintiffs, which is, — that the charitable immunity doctrine is without application to the case because the defendant breached its contract with the deceased to render him hospitalization during his illness when its superintendent ousted him from the institution.
The answer to this proposition is that the widow and minor children of the deceased have not sued for breach of contract but bring their action under the provisions of Article 2315 of the Civil Code, as amended, as surviving widow and minor children of Anticich, for the damages they sustained because of his death as a result of the alleged wrongful acts of the defendant. If the suit was founded on a breach of contract, the right of action could only be asserted by the representative of the decedent's succession or his legal heirs. Moreover, no right of action in contract is accorded under our law for the death of a human being. The sole and exclusive remedy is provided for by Article2315 of the Civil Code, as amended, and the right given is ex delicto.
For these reasons, I concur in the decree.